IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AKAKI GVARLIANI, | CASE NO. 3:26-cv-1324 |
| Petitioner, | DISTRICT JUDGE JEFFREY J. HELMICK |
| vs. | |
| ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Respondents. | **REPORT AND RECOMMENDATION** |

Pro se Petitioner Akaki Gvarliani has filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Doc. 1. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. Since then, Gvarliani received the bond hearing he sought and was released. I therefore recommend that the Court grant the Respondent's motion to dismiss Gvarliani's petition as moot, Doc. 5, and deny as moot Gvarliani's motion for temporary restraining order, Doc. 2.

**Background**

*Factual background and Immigration Court proceedings*

Gvarliani is a native and citizen of Georgia. Doc. 1, at 11; Doc. 5-1, at 2.[1]

---

[1] The Court cites the CM/ECF-generated page numbers at the top of the parties' filings.

He arrived in the United States in March 2023 on a Bl/B2 nonimmigrant visa with permission to remain until September 2023. Doc. 1, at 11; Doc. 5, at 2; Doc. 5-1, at 2.

On May 28, 2026, Gvarliani was "accompanying a person working on a truck" at a weigh station on I-70 around Cambridge, Ohio, when the Ohio State Highway Patrol, "pertaining to an operation," encountered Gvarliani. Doc. 1, at 11; Doc. 5-1, at 2. ICE Enforcement and Removal Operations (ICE-ERO) arrested Gvarliani, transported him to the Corrections Center of Northwest Ohio, and detained him without bond pending removal proceedings. Doc. 5-1, at 2–3.

The same day, ICE-ERO served Gvarliani with a Notice to Appear placing him in removal proceedings. Doc. 5-2; *See* 8 U.S.C. §1229(a). The Notice to Appear alleged removability under 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States longer than permitted. Doc. 5-2, at 1. It also directed Gvarliani to appear before an immigration judge for a hearing in Cleveland on July 14, 2026. *Id.* at 2.

Gvarliani states that "[a]n 1-130 Petition for Alien Relative filed by his U.S. citize[n] spouse … was receipted by USCIS on May 29, 2026 and remains pending." Doc. 1, at 7.

At some point, Gvarliani requested a custody redetermination hearing.[2] On June 16, 2026, an Immigration Judge issued an entry indicating that Gvarliani had withdrawn, without prejudice, his custody redetermination request. Doc. 5-3. The same day, the Immigration Judge issued a notice in Gvarliani's removal proceedings setting a remote master calendar hearing for June 23, 2026. Doc. 5-4.

On June 23, 2026, Gvarliani submitted another request for a custody redetermination hearing. Doc. 5-5. That day, the Immigration Judge scheduled a custody redetermination hearing by video for June 30, 2026. Doc. 5-6. The Immigration Judge also set a master calendar hearing in Gvarliani's removal proceedings to take place remotely on June 30. Doc. 5-7. And on June 30, the Immigration Judge held the hearing and released Gvarliani on bond. Doc. 6-1. Respondents assert that they believe that Gvarliani posted bond and was released. Doc. 6, at 1.

*Gvarliani's habeas petition*

In the first and fourth grounds in his petition, Gvarliani alleges that immigration officials violated the Fourth Amendment and 8 U.S.C. § 1357(a)(2) when they arrested him without a warrant in May 2026. Doc. 1, at 6–7, 15. In his second and third grounds, Gvarliani argues that his detention without a

---

[2]     A custody redetermination hearing is the same thing as a bond hearing. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 777 (E.D. Mich. 2025) ("[N]oncitizens arrested and detained under Section 1226 have a right to request a custody redetermination (i.e. a bond hearing) before an Immigration Judge.") (citing 8 C.F.R. §§ 1236.1(c)(8), (d)(1)).

hearing violates his due process rights and that he is entitled to an immediate bond hearing. *Id.* at 7. Gvarliani filed an Emergency Motion for a temporary restraining order and preliminary injunction, which is a duplicate of his petition. Doc. 2. In his filings, Gvarliani asks the Court to order his immediate release; declare that his arrest and detention violates the Fourth and Fifth Amendments; and prevent the Respondent from removing him from this district pending the resolution of the petition. Doc. 1, at 17; Doc. 2, at 17.

**Legal Standard**

Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to any person who demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). An alien may challenge the lawfulness of immigration detention through a writ of habeas corpus. *See INS v. St. Cyr*, 533 U.S. 289, 301 (2001) (observing that "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Although the Court lacks jurisdiction in habeas over issues such as challenges to the legality of a removal order, *see Hamama v. Adducci*, 912 F.3d 869, 876 (6th Cir. 2018), it has jurisdiction to consider whether a noncitizen is lawfully detained, *see Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (describing habeas corpus as the "'appropriate remedy to'"

determine the legality of a person's custody) (quoting 3 Commentaries on the Constitution of the United States § 1333, p. 206 (1833)).

But Article III of the United States Constitution limits federal court jurisdiction to actual cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under this "case or controversy" requirement, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "A case that becomes moot at any point during the proceedings is no longer a Case or Controversy for purposes of Article III, and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) (internal quotation marks and citation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986).

5

**Discussion**

*Grounds one and two are moot*

Respondents argue that Gvarliani's petition is moot "because he already received the relief to which he was entitled"—a bond hearing.[3] Doc. 5, at 3–4. Respondents concede that 8 U.S.C. § 1226(a) applies to Gvarliani's immigration case, and that, as a result, he is entitled to a bond hearing "at the outset" of his detention. *Id*.; *see also Lopez-Campos v. Raycraft*, 175 F.4th 713, 735 (6th Cir. 2026). Indeed, the Immigration Court scheduled a bond hearing at some point after Gvarliani's detention, at Gvarliani's request; the court cancelled the hearing after Gvarliani withdrew his request for a bond hearing; Gvarliani again requested a bond hearing; and the Immigration Judge set a bond hearing for June 30, 2026. *See* Docs. 5-3, 5-5, 5-6. That bond hearing occurred and the Immigration Judge released Gvarliani on bond. Doc. 6-1. Because a bond hearing and release from custody is the remedy that Gvarliani sought in grounds two and three, *see* Doc. 1, at 6–7, these grounds are moot. *See, e.g., Alvarez-Meneses v. Raycraft*, No. 1:25-cv-1666, 2026 WL 228863, at *2 (W.D. Mich. Jan. 28, 2026) ("[B]ecause Petitioner received a § 1226 bond hearing, which was the relief that he sought in his § 2241 petition, the § 2241 petition is now moot, and the Court will grant Respondents' motion to

---

[3]     Respondents filed their Return of Writ before Gvarliani's scheduled bond hearing and eventual release.

dismiss."); s*ee also Hernandez-Hernandez v. Bullock*, No. 2:26-cv-02332, 2026 LX 223785, at \*6 n.2 (W.D. Tenn. May 5, 2026);

*Grounds one and four are moot or not proper § 2241 claims*

In grounds one and four, Gvarliani alleges that his warrantless arrest violated the Fourth Amendment and 8 U.S.C. § 1357(a)(2).[4] Doc. 1, at 6–7, 15. It is not clear whether Gvarliani intends to bring stand-alone, improper-arrest claims, or if these claims are related to his claims that he is entitled to a bond hearing.

To the extent that Gvarliani intends grounds one and four to serve to bolster his argument that he is entitled to a bond hearing, his claims are moot because Gvarliani received a bond hearing and was released.

To the extent that Gvarliani intends grounds one and four to allege stand-alone claims challenging his arrest, they are improper in this section 2241 petition. "A § 2241 petition is not the appropriate vehicle to challenge the circumstances of an arrest because a party 'may not pursue a civil rights action in a habeas petition.'" *Mbulih v. Immigration & Customs Enforcement*, No. 4:26-cv-530, 2026 WL 1429224, at \*4 (N.D. Ohio May 21, 2026) (dismissing the petitioner's claim that he was unlawfully arrested by ICE without a proper warrant) (quoting *McElroy v. Leonbruno*, No. 1:23-cv-203, 2023 WL 3852593,

---

[4] Gvarliani alleges that he was arrested while "accompanying a person working on a truck," Doc. 1, at 7, and the documents show that this occurred at a weigh station along the highway, Doc. 5-1, at 2. So I presume that the heading for ground one in Gvarliani's supporting brief citing an arrest at "home," Doc. 1, at 14, is a typo.

7

at *2 (N.D. Ohio May 23, 2023)); *Alonso-Portillo v. Bondi*, No. 1:25-cv-306, 2025 WL 2483393, at *11 (S.D. Ohio Aug. 28, 2025) (explaining that alleged Fourth Amendment violations in a section 2241 petition do not provide a basis for releasing the petitioner from immigration-related custody); *see also Lopez v. Blanche*, No. 4:26-cv-1163, 2026 WL 1791253, at *5 (N.D. Ohio June 23, 2026), *report and recommendation adopted*, 2026 WL 1974695 (N.D. Ohio July 8, 2026).

### Conclusion

For the reasons stated above, the Court should grant Respondent's Motion to dismiss, Doc. 5, and dismiss as moot Gvarliani's petition and his motion for injunctive relief, Docs. 1, 2. To the extent Gvarliani also challenges aspects of his arrest, such claims should be dismissed, without prejudice.

Dated: July 15, 2026

/s/ *James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).

8